UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-CIV-23789-KING

LILYBET FARIAS,

      Plaintiff,

v.

MR. HEATER, INC., ENERCO GROUP,
INC., THE HOME DEPOT, INC., d/b/a
HOME DEPOT U.S.A., INC.

      Defendants.

_____ /

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff filed suit against Defendants, seeking recovery for fire damage to her home, which she alleges was caused by propane heaters she purchased from Home Depot that had been manufactured by Mr. Heater, Inc. ("Mr. Heater") and Enerco Group, Inc. ("Enerco").[1]  Plaintiff stated two bases for recovery: negligent failure to warn, and strict liability.  Underlying Plaintiff's negligence claim is her allegation that Defendants failed to warn her of the harm that might result from indoor operation of the propane heaters. Central to this claim is Plaintiff's contention that Defendants were obligated to provide warnings in both Spanish and English.  Upon the completion of discovery, Defendants have now moved for summary judgment (DE #29).[2]

---

[1] This is a subrogation claim in which Plaintiff seeks money damages against Defendants to reimburse Citizens Property Insurance Company the $305,060.86 paid to her for the value of lost real and personal property. *Farias Dep.* at 64.

[2] Plaintiff filed her Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (D.E. #37) on September 23, 2010, and Defendants filed their Reply (D.E. #48) on October 11, 2010. As such, this matter is now ripe for consideration.

Defendants motion is predicated on the belief that Plaintiff's claims of strict product liability and negligent failure to warn are barred as a matter of law. (DE #29 at 3). Specifically, Defendants suggest that under Florida law there is no legal duty mandating that the heaters purchased by Plaintiff contain bilingual warnings. Without such a duty, Defendants contend that failing to include bilingual warnings cannot result in liability for inadequate warnings. (D.E. #29 at 10). Defendants also assert that, even if such a bilingual warning were necessary, at least one of the accompanying propane tanks "contained clear, conspicuous, and explicit warnings in both English and Spanish that it was not intended for indoor use and was not to be used or stored inside a building, garage, or enclosed area." (DE #29 at 3). Because Plaintiff did not read these Spanish warnings, they contend that Plaintiff's claims are barred for lack of proximate cause.

In contrast, Plaintiff contends that summary judgment is inappropriate because there are factual issues that must be decided by a jury. Plaintiff, in reliance on a case decided by the Honorable Federico Moreno, *Stanley Industries, Inc. v. W.M. Barr & Co., Inc.*, 784 F. Supp. 1570 (S.D. Fla. 1992), claims that Defendants were obligated to provide warnings in Spanish, and that their failure to do so necessarily constitutes negligence. Additionally, Plaintiff suggests that the adequacy of any warnings provided by Defendants must be submitted to a jury for determination.

After reviewing the written pleadings and deposition testimony and considering the legal arguments presented by the parties, the Court finds that there are no genuine issues of material fact precluding entry of summary judgment and that Defendants' motion must be granted.

## I.     Factual Background

The product in this case is a gas-fired infra-red heater (the "Heater"), designated as Model MH24T by its Cleveland-based manufacturers, Mr. Heater and Enerco.  It consists of a portable reflector that produces heat once connected to a separately sold propane tank.[3]  The Heater is sold nationwide, although for purposes of this matter it is sufficient to note that it is distributed by Home Depot in Miami, Florida.

During the relevant time, Plaintiff, a naturalized American citizen who was Cuban-born, owned a home in Cutler Bay, Florida.  She had lived in the United States for approximately six years, but spoke little English and could read even less.  On the evening of February 5, 2009, it was unseasonably cold, which was exacerbated by the failure of her home's central heating.  Plaintiff left her home to buy a heater at Home Depot in Miami, Florida.  The first Home Depot which Plaintiff visited did not have any heaters, and Plaintiff was directed by a Home Depot employee to another nearby Home Depot in Miami.

Upon arrival at the second Home Depot, Plaintiff spoke in Spanish to a Home Depot employee who, upon Plaintiff's request, informed Plaintiff where she could locate the last two heaters for sale in the store. *Farias Dep.* 27-28.  Plaintiff was looking to purchase a heater solely for in-home use.  Upon locating the heaters, Plaintiff examined the product packaging to gauge their appropriate use.  While Plaintiff could not read the English words on the Heaters' packaging, she nonetheless viewed the graphic depictions on the box, which indicated locations constituting safe consumer use for the Heaters. (DE #37-2); *Farias Dep.* 29, 74-76.  Plaintiff claims two of these pictures depicted individuals using the Heater inside a garage and inside a warehouse.  Based on this,

---

[3] The Heater will not function without propane.  The propane tank is sold separately from the Heater.

3

Plaintiff assumed that the Heaters were safe to use inside her home. She therefore purchased the Heaters, as well as one propane gas tank to be used in conjunction with one of the Heaters – Plaintiff already had another propane heater at her home to be used in conjunction with the other Heater. No one at Home Depot verbally instructed Plaintiff on the safe operation of the Heaters or the accompanying propane tanks.

When Plaintiff returned home, she attached the Heaters to the propane gas tanks by referring to the images contained within the owner's manual accompanying the Heaters. She asserts that she did not follow the written English directions because she could not read English.[4] Plaintiff acknowledges that she did see "caution" warnings scattered throughout the manual, and she did understand this word to mean "danger." Her grasp of the English language, however, was simply too limited to understand anything further and she believed the Heaters to be safe indoors given the aforementioned package images. It is undisputed, however, that the manual contained the following prominently displayed relevant language:

- DO NOT ALLOW ANYONE WHO HAS NOT READ THESE INSTRUCTIONS TO ASSEMBLE, LIGHT, ADJUST OR OEPRATE THE HEATER (DE #29-3 at 1);

- DO NOT LEAVE HEATER UNATTENDED OR IN OPERATION WHILE SLEEPING (DE #29-3 at 1);

- GENERAL HAZARD WARNING: ONLY PERSONS WHO CAN UNDERSTAND AND FOLLOW THE INSTRUCTIONS SHOULD USE OR SERVICE THIS HEATER (DE #29-3 at 2);

- WARNING: NOT FOR HOME OR RECREATIONAL USE (DE #29-3 at 2);

- WARNING: This heater is an unvented appliance and MUST be used ONLY in a well ventilated area. NEVER attempt to operate the heater inside any vehicle, camper, or enclosure (DE #29-3 at 5).

---

[4] At her deposition, Plaintiff's attorney asked, "Did you ignore the writing on the instruction manual or was it that you couldn't read it?" Plaintiff responded, "I couldn't read it." *Farias Dep.* at 78.

There were no accompanying written instructions in Spanish regarding appropriate usage of the Heaters.

Plaintiff, upon completing the assembly, positioned one of the Heaters in her bedroom and the other in her living room, two to three feet away from her sofa. She watched some television that night and, sometime after midnight, switched off the Heater located in her living room and, just before falling asleep, lit the other Heater located in her bedroom. Within several hours of falling asleep, Plaintiff was awakened by coughing, caused by the smoke pouring into her bedroom from fire in her the living room. Her house was on fire. Plaintiff was told by the firefighters who responded to the scene that the Heater in the living room was the origin of the fire.

Plaintiff filed suit against the Defendants on November 17, 2009 in state court, stating individual causes of action against each of the three Defendants for strict product liability and negligence. On December 21, 2009 Defendants removed Plaintiff's suit to federal court on the basis of this Court's diversity jurisdiction. Since that time, the parties have conducted discovery in accordance with the Court's Scheduling Order. The discovery deadline having passed, Defendants filed their Motion for Summary Judgment.

## II.      Summary Judgment Standard

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the

suit under the governing law. *Id.* If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of material fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party – here, Defendants – bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.").

### III.        Discussion

Florida case law imposes a duty on manufacturers to warn in certain circumstances. *See Advance Chem. Co v. Harter*, 478 So. 2d 444, 447 (Fla. 1st DCA 1985). As noted by the Honorable Federico Moreno in *Stanley Industries, Inc.*,

> A manufacturer must take reasonable precautions to avoid reasonably foreseeable injuries to the users of its products and thereby assumes a duty to convey to the users of that product a fair and adequate warning of the dangerous potentialities of the products so that the user, by the exercise of reasonable care, will have fair and adequate notice of the possible consequences of the product's use or misuse.

784 F. Supp. 1570, 1574 (S.D. Fla. 1991) (citing *Johns-Manville Sales Corp. v. Janssens*, 463 So. 2d 242, 248-49 (Fla. 1st DCA 1984)).

Florida cases interpreting this duty have held, however, that a manufacturer's failure to comply may not result in liability "where the person to whom [a] manufacturer

owes a duty to warn … has not read the label, an inadequate warning cannot be the proximate cause of the plaintiff's injuries." *Lopez v. S. Coatings, Inc.*, 580 So. 2d 864, 865 (3d DCA 1991) (citing *Ashby Div. of Consol. Aluminum v. Dobkin*, 458 So. 2d 335, 337 (Fla. 3d DCA 1984). *See also Clark v. ODV Holding Co.*, 34 So. 3d 252 (Fla. 4th DCA 2010) (affirming grant of summary judgment to the defendant where plaintiff did not read the safety warnings and thus could not establish proximate cause). The issues presented are therefore two-fold: 1) whether a manufacturer has a duty to provide fair and adequate warnings in Spanish of dangerous propensities of its products; and 2) whether a Spanish-speaking plaintiff can establish proximate cause where she cannot read the English warnings provided by the manufacturer.

As noted above, Plaintiff's negligence claim rests upon an asserted obligation of Defendants to provide Spanish-language warnings and instructions with the Heaters purchased by Plaintiff. Plaintiff cites no statutory basis for such an obligation. Indeed, the only basis identified by Plaintiff emanates from an 18-year-old decision by the Honorable Federico Moreno of the Southern District of Florida: *Stanley Industries, Inc. v. W.M. Barr & Co., Inc.*, 784 F. Supp. 1570 (S.D. Fla. 1992).

Ostensibly, *Stanley Industries* contains facts similar to the above-styled matter. In that case, a fire occurred at an industrial plant after two Spanish-speaking employees used rags soaked in linseed oil to perform their duties. The linseed oil, purchased from Home Depot, was packaged in a can that contained only English warnings, which neither of the Spanish-speaking employees read. Both employees testified "that they would have sought more information on how to use the product if the label contained warnings in Spanish concerning the flammability of the product." *Stanley Indus., Inc.*, 784 F. Supp. at

7

1573. The property owner filed suit against Home Depot and the manufacturer of the linseed oil under the theory of negligence, strict liability, and breach of warranty. In support of their claim of negligence, the plaintiff argued that the English-only warnings were inadequate since the product had been marketed to a predominantly Spanish-speaking population. Judge Moreno agreed with the plaintiff, holding that the defendants' purposeful advertising to a Spanish-speaking population, many of whom were "unskilled or semi-skilled ... foreign nationals whose native tongue is not English," *id.* at 1575-76, necessitated bilingual product warnings.

Similar to the plaintiff in *Stanley Industries*, Plaintiff here argues that summary judgment here is inappropriate because 1) Defendants failed to include bilingual warnings; and 2) the adequacy of the warnings provided by Defendants is a factual issue that must be determined by a jury. The Court will consider each argument in turn.

A. Failure to Provide Bilingual Warnings

According to Plaintiff's "human factors" expert, William Vigilante,[5] the warnings provided by Defendants Enerco and Mr. Heater were inadequate because they were not in Spanish – to him, warnings are *per se* inadequate where they are not in Spanish. *Vigilante Dep.* 24-25, 121. In reliance on Vigilante's opinion and Judge Moreno's ruling in *Stanley Industries*, Plaintiff contends that Defendant's failure to provide warnings in Spanish constitutes negligence.

The record, however, reflects that Plaintiff made no effort to understand the instructions contained with the manual. When asked at deposition whether she recognized any words indicating danger in the manual, she stated she did not think she

---

[5] This Court need not decide whether Mr. Vigilante's purported expert opinion is even admissible in the instant action. *See Medina*, 496 F. Supp. 2d at 1326-28 (applying *Daubert* factors to consideration of similar expert testimony).

read the manual at all. *Farias Dep.* at 52:5-19. Instead, she simply looked at the images contained within the manual to determine how to connect the heater to the propane tank.[6] Perhaps even more tellingly, at the time she purchased the Heaters, Plaintiff understood certain words like "danger," "warning," and "stop." Even though some of those words were present in the manual accompanying the Heaters, Plaintiff did not think it was important to have an English speaker explain those warnings to her. *Farias Dep.* at 60. Such willful ignorance is certainly akin – if not precisely the same – as refusing to read the warnings at all.

Upon consideration of the relevant case law, the Court finds that, as a matter of law, Mr. Heater and Enerco had no duty to provide bilingual warnings in this instance. *L.A. Fitness In'l, LLC v. Mayer*, 980 So. 2d 550, 557 (Fla. 4th DCA 2008) (holding that duty is a "question of law to be determined solely by the court."). Unlike *Stanley Industries, Inc.* in which Judge Moreno decided that the defendant had advertised in Miami's Hispanic media and purposefully directed its sales pitch towards Spanish speakers, 784 F. Supp. at 1575-76, there is no evidence here that Home Depot, Mr. Heater, or Enerco took such steps. Instead, all parties admit quite the opposite as it pertains to Home Depot. (DE #37 at 6). Moreover, since Home Depot was the party responsible for advertising its products, it stands to reason that neither Mr. Heater nor Enerco directed their sales towards the Hispanic community. As such, Plaintiff's reliance on *Stanley Industries, Inc.* is misplaced.[7]

---

[6] As mentioned above, Defendants rely on the Spanish warnings that they believe were attached to the propane tanks as evidence of Plaintiff's disregard for warnings even in her own language. However, having found that Spanish warnings were not required on the Heaters, the Court need not decide what effect, if any, the alleged warnings on the propane tanks had. Nonetheless, the Court does note that Plaintiff admitted to ignoring any writing on the propane tank located in her bathroom. *Farias Dep.* at 58.
[7] Indeed, as noted by the Honorable Anne C. Conway in *Medina*, since *Stanley Industries, Inc.* was decided, not one published Florida case in either federal or state court "has relied on the decision to

Additionally, as has been previously noted by federal courts sitting in Florida, "there is no indication that Florida law imposes a duty on manufacturers and sellers to provide bilingual warnings on consumer products." *Medina*, 496 F. Supp. 2d at 1329. Because the above-styled matter is before this Court on the basis of diversity, Florida substantive law controls any decision that this Court might make. *See Esfeld v. Costa Crociere*, S.P.A., 289 F.3d 1300, 1306 (11th Cir. 2002) (noting that under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law). It would therefore be improper for this Court to expand the bounds of product liability or negligence beyond what Florida courts themselves have found appropriate in this regard. *Accord Medina*, 496 F. Supp. 2d at 1329-30. Insomuch as *Stanley Industries* stands for the contrary proposition, this Court refuses to follow in its footsteps. Without a duty to provide bilingual warnings, it stands to reason that there can be no negligence on the part of any of Defendants in this instance, regardless of whether Plaintiff's failure to read the English warnings vitiates the element of proximate cause.

B. Adequacy of Warnings

Secondarily, Plaintiff contends that the graphic depictions on the Heaters' packaging were themselves inadequate, both in content and in relation to the English warnings contained within the owner's manual.[8] In support of that position, Plaintiff

---

conclude that bilingual warnings and instructions may be necessary under Florida law." *Medina*, 496 F. Supp. 2d at 1329.

[8] Plaintiff disagrees with Defendants' conclusions regarding Spanish warnings on the propane tank: according to Plaintiff, the propane cylinder attached to the Heater in the living room cannot be readily identified, and that any instructions on that cylinder can therefore not be determined. This issue is not a small one, as Plaintiff claims that she did not retain the propane cylinder and that photographs of the propane cylinder are illegible and do not show any Spanish instructions. (DE #37 at 9). Defendants contend that Plaintiff should be sanctioned for her failure to preserve the undamaged propane tank, and that she should not get the benefit of any inference where she willfully refused to retain such evidence. (DE #48 at 2). And, even if the warnings were as recited by Defendants, Plaintiff's proposed expert would find

again puts forth the testimony of Mr. Vigilante, who claims that the "illustrations on the outside of the boxes of the Mr. Heaters communicated to Plaintiff that she could properly and safely use the Mr. Heaters in her house." (DE #37 at 11). Also, like the plaintiff in *Stanley Industries*, Plaintiff here claims that "if she read anything or received warnings in Spanish to not use the Mr. Heaters in her home or that the Mr. Heaters were not safe to use in her home, she would not have used the heaters in her home." (DE #37-2) (citing *Farias Dep.* at 78-83). Yet, Plaintiff also admits that she did not pay any attention to the warnings contained on the propane tank in her bathroom. *Farias Dep.* at 58.

The Court, however, need not resolve these factual discrepancies as they are not dispositive. Having already concluded that the warnings were not required to be printed in Spanish, Plaintiff's claim that she would have read them had they been in Spanish is not material. The reality is that Plaintiff's willingness to read Spanish warnings has no correlation with her refusal to read the English warnings or to heed the indications of danger that she witnessed even in her cursory examination.

What is dispositive is the adequacy of the product warnings provided by Defendants Mr. Heater and Enerco. Plaintiff suggests that the adequacy of those warnings is an issue for the jury on the sole basis of the adequacy of the graphic depictions contained on the Heaters' packaging. *Tampa Drug Co. v. Wait*, 103 So. 2d 603, 609 (Fla. 1958); *Upjohn Co. v. MacMurdo*, 536 So. 2d 337, 339 (Fla. 4th DCA 1988); *Stanley Indus.*, 784 F. Supp. at 1575-76 (holding that adequacy of warnings provided only in English is jury issue where item was marketed to Hispanic population).

---

them inadequate in that they conflict with the warnings contained in the Heater's packaging. *Vigilante Dep.* at 164. Nonetheless, as the Court is deciding Defendants' motion on other grounds, it need not adjudicate this issue.

11

However, there are occasions under Florida law when the adequacy of a warning is a question of law for the judge to decide. These occasions are limited to circumstances in which the warning is "accurate, clear, and unambiguous." *Felix v. Hoffman-LaRoche, Inc.,* 540 So.2d 102 (Fla.1989); *Adams v. G.D. Searle & Co.,* 576 So.2d 728 (Fla. 2d DCA1991); *Schemen-Gonzalez v. Saber Mfg. Co.*, 816 So. 2d 1133 (Fla. 4th DCA 2002).

As a matter of law, the Court finds that it must consider the totality of the warnings provided by Defendants Mr. Heater and Enerco. The totality of those warnings therefore includes not just the graphic depictions relied upon by Plaintiff, but also the English written instructions which Plaintiff was both unable and unwilling to read. Any other holding would be contrary to the Court's refusal to require a manufacturer to provide bilingual warnings instructions.

Considering the combination of the external depictions on the Heaters' packaging and the written instruction accompanying the Heaters, the Court finds that the warnings provided by Defendants Mr. Heater and Enerco were accurate, clear, and unambiguous. As reflected in the exhibits attached by Plaintiff, the packaging of the Mr. Heater contained six visual depictions of places or situations where, presumably, the Heaters could be safely used. While those depictions are labeled, the Court need not decide whether that language made the warnings provided by Defendant ambiguous; because Plaintiff admitted that she could not read English at the time she purchased the Heaters, those labels are irrelevant to consideration of her claims.

Instead, it is clear to the Court that any purchaser of the Heaters manufactured by Mr. Heater and Enerco who read the instructions would have understood the clear and

unambiguous warnings not to use the Heaters indoors in an enclosed space.[9]  In no uncertain terms, the owner's manual indicated that the Heaters were not be used indoors and that there was danger of fire, injury or even death if such use was attempted.  It would be improper to find such clear warnings inadequate because Plaintiff here was not well-versed in English and did not investigate the danger to which she had been alerted in the use of the Heaters.

C.  Strict Product Liability

As a final matter, the Court addresses Plaintiff's strict product liability claim. Neither side has briefed this issue at length, yet the record is sufficiently developed to permit this Court to adjudicate the matter.  There are five elements for a strict product liability action under Florida law: the plaintiff must prove that (1) a product (2) produced by a manufacturer (3) was defective or created an unreasonably dangerous condition (4) that proximately caused (5) injury. *McCorvey v. Baxter Healthcare Corp.,* 298 F.3d 1253, 1257 (11th Cir. 2002).

Florida courts apply the following two-pronged test to determine whether a plaintiff has established a defective design:

> First, a product may be found defective in design if the plaintiff establishes that the product failed to perform as safely as an ordinary customer would expect when used in an intended or reasonably foreseeable manner.... Second, a product may alternatively be found defective in design if the plaintiff demonstrates that the product's design proximately caused his injury and the defendant fails to establish, in light of the relevant factors, that, on balance, the benefits of the challenged design outweigh the risk of danger inherent in such design.

---

[9] The Court finds irrelevant Plaintiff's contention that certain propane-fired heaters are advertised as indoor products on Mr. Heater's website, www.mrheater.com.  Not only is there no showing that those products are the same as those implicated here, but also there is no indication that Plaintiff ever observed those advertisements.

*Cassisi v. Maytag Co.,* 396 So.2d 1140, 1145 (Fla. 1st DCA 1981) (internal citations omitted). *See also Force v. Ford Motor Co.,* 879 So.2d 103, 106-08 (Fla. 5th DCA 2004). Whether a design is defective is an objective consideration that is not limited to any specific user's viewpoint. *Jennings,* 181 F.3d at 1255 (citing *Hobart Corp. v. Siegle,* 600 So.2d 503, 505 (Fla. 3d DCA 1992)). The burden to show that a defective design exists is on the plaintiff. *Husky Indus., Inc. v. Black,* 434 So.2d 988, 991 (Fla. 4th DCA 1983) (citing *Ford Motor Co. v. Hill,* 404 So.2d 1049 (Fla. 1981)).

The Court concludes that Plaintiff cannot satisfy its burden under *Black* to demonstrate a defective design of the Heaters. Indeed, there is no record evidence supporting Plaintiff's allegations of a defective design. As such, the Court finds judgment for Defendants proper on the issue of strict product liability.

### IV.        Conclusion

Accordingly, the Court having read the parties' motions and legal authorities and being otherwise fully advised, it is **ORDERED**, **ADJUDGED**, and **DECREED** that Defendants' Motion for Summary Judgment (DE #29) be, and the same hereby is, **GRANTED.**    The case be, and hereby is, **DISMISSED WITH PREJUDICE.** Jurisdiction is reserved for a determination of fees and costs.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 19th day of November, 2010.

HONORABLE JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

14

**Cc:**

**Counsel for Plaintiff**
**George Daniel Pilja**
Foran Glennon Palandech & Ponzi PC
222 N LaSalle Street
Suite 1400
Chicago, IL 60601

**Larry Lamar Cook**
Daniels Kashtan Downs Robertson & Magathan
3300 Ponce De Leon Boulevard
Coral Gables, FL 33134
305-448-7988
Fax: 448-7978
Email: lcook@dkdr.com

**Matthew R. Hess**
Foran Glennon Palandech & Ponzi PC
222 N LaSalle Street
Suite 1400
Chicago, IL 60601
Email: mhess@fgpp.com

**Counsel for Defendants**
**Douglas Joseph Chumbley**
Carlton Fields
100 SE 2nd Street
Suite 4000 PO Box 019101
Miami, FL 33131-9101
305-530-0050
Fax: 305-530-0055

**Gregory Morgen Cesarano**
Carlton Fields
100 SE 2nd Street
Suite 4200 PO Box 019101
Miami, FL 33131-9101
305-530-0050
Fax: 530-0055
Email: gcesarano@carltonfields.com