## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 09-CIV-23789-KING

LILYBET FARIAS,

     Plaintiff,

v.

MR. HEATER, INC., ENERCO GROUP,
INC., THE HOME DEPOT, INC., d/b/a
HOME DEPOT U.S.A., INC.

     Defendants.

_____ /

## ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff's Motion to Alter Judgment (DE #59), filed December 23, 2010.[1] Therein, Plaintiff seeks to amend the Court's Order granting summary judgment to Defendants on Plaintiff's claims emanating from damages she alleges were caused by heaters she purchased from Home Depot. Specifically, Plaintiff states two bases for reconsideration: 1) Defendants' warnings were ambiguous, and summary judgment was therefore improperly granted to Defendants; and 2) the Home Depot "assumed the duty to ensure that the product warnings were provided in Spanish," which Plaintiff also claims precludes summary judgment against her.[2]

---

[1] The Court's docket evinces some confusion regarding whether Plaintiff has stricken this motion, as Plaintiff filed Notice of Striking on January 5, 2011, in which Plaintiff stated that its earlier motion was incomplete. While Plaintiff stated that it "intend[ed] to immediately refile this Motion with the corrected exhibits", no such docket activity is apparent. Nonetheless, the Court shall consider Plaintiff's initial Motion to Alter Judgment at this time.

[2] Defendants responded (DE #62) on January 5, 2011. Plaintiff filed a reply (DE #64) on January 14, 2011, notwithstanding its earlier stated intent to re-file the underlying Motion to Alter Judgment. The matter is therefore ripe for determination.

As has been stated previously by this Court, the granting of reconsideration is founded upon one of the following three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 477 (S.D. Fla. 2002). However, "[a] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). *See also King v. Farris*, 2009 U.S. App. LEXIS 27604, *3 (11th Cir. Dec. 16, 2009) ("[A] motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." (internal quotations and citations omitted)). Plaintiff here relies upon the third basis for reconsideration: clear error or manifest injustice.

As a foundational matter, aside from one case often cited by Plaintiff, there is no support for the imposition of bilingual warnings upon manufacturers as Plaintiff would suggest. While Plaintiff has introduced some evidence which it claims indicates that Defendants assumed liability because they were voluntarily taking such steps, no such actions can be held to impose a liability to a third-party. Any contrary holding would undermine the long-standing judicial interest in encouraging manufacturers to take proactive steps in preventing injury.

The Court finds that reconsideration of its Order is unwarranted here because there has been no clear error or manifest injustice. First, as was noted by this Court, Plaintiff made no effort to understand the written warnings provided by Defendants despite recognizing such words as "danger," "warning," or "stop." Certainly, she cannot

2

prove proximate causation in this instance. Additionally, the Court's earlier conclusion that the warnings provided by Defendants were "accurate, clear, and unambiguous" accords with both state and federal case law.

As such, there being no clear error or manifest injustice deriving from the Court's earlier Order of Summary Judgment on Defendants' behalf, the Court **ORDERS, ADJUDGES,** and **DECREES** that Plaintiff's Motion to Alter Judgment (DE #59) be, and the same is, hereby **DENIED.**

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 25th day of January, 2011.

HONORABLE JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Cc:**

**Counsel for Plaintiff**
**George Daniel Pilja**
Foran Glennon Palandech & Ponzi PC
222 N LaSalle Street
Suite 1400
Chicago, IL 60601

**Larry Lamar Cook**
Daniels Kashtan Downs Robertson & Magathan
3300 Ponce De Leon Boulevard
Coral Gables, FL 33134
305-448-7988
Fax: 448-7978
Email: lcook@dkdr.com

**Matthew R. Hess**
Foran Glennon Palandech & Ponzi PC
222 N LaSalle Street

Suite 1400
Chicago, IL 60601
Email: mhess@fgpp.com

**Counsel for Defendants**
**Douglas Joseph Chumbley**
Carlton Fields
100 SE 2nd Street
Suite 4000 PO Box 019101
Miami, FL 33131-9101
305-530-0050
Fax: 305-530-0055

**Gregory Morgen Cesarano**
Carlton Fields
100 SE 2nd Street
Suite 4200 PO Box 019101
Miami, FL 33131-9101
305-530-0050
Fax: 530-0055
Email: gcesarano@carltonfields.com